UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JARVIS SIMMS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   No. 4:12-CV- 314-JAR |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
|       Defendants. | ) |

### MEMORANDUM AND ORDER

On April 23, 2012, the parties filed their Joint Stipulation of Dismissal with Prejudice [ECF No. 22] purporting to resolve all outstanding issues in this case. This matter is now before the Court on Plaintiff's Motion to Quash Joint Stipulation of Dismissal with Prejudice [ECF No. 23]. Defendants filed their response to Plaintiff's Motion to Quash on June 8, 2012 [ECF No. 27]. Plaintiff has not filed a reply. The Motion to Quash is, therefore, fully briefed and ready for disposition. This matter is also before the Court on Plaintiffs' Joint Motion for Leave to Amend Plaintiff's Complaint [ECF No. 28], Walter Scott's Motion for Reconsideration [ECF No. 29], and Plaintiff's Motion to Dismiss Plaintiff Walter F. Scott. [ECF No. 30].

**Background**

On January 10, 2012, the parties entered into an option contract for the sale of property known and numbered as 4914 Lilburn in the City of St. Louis. (Amended Complaint, Doc. No. 17, ¶ 7). Plaintiff alleged, *inter alia*, that Defendants breached the contract by failing to convey the property to him free and clear of all liens, tenancies, encumbrances and occupancies and that as a result, an occupant remaining in or on the property caused a fire, destroying the property.

(Id., ¶ 9).

On April 23, 2012, the parties filed a Joint Stipulation of Dismissal With Prejudice [ECF No. 22] purporting to resolve all outstanding issues in this case. Plaintiff filed his motion to quash on May 24, 2012, more than a month after the case was purportedly settled. (Doc. No. 23).

Also on May 24, 2012, Walter F. Scott, pro se, moved to join this case as Plaintiff's general partner (Doc. No. 24) and filed an Amended Complaint (Doc. No. 25). The Court denied Scott's motion and struck the amended complaint because it was filed without leave of Court. (Doc. No. 26). Plaintiff then filed a Joint Motion for Leave to Amend Plaintiff's Complaint [ECF No. 28], and Walter Scott filed a Motion for Reconsideration of the Court's May 30, 2012 Order denying his motion to join this case. [ECF No. 29]. On July 9, 2012, Plaintiff filed a Motion to Dismiss Plaintiff Walter F. Scott. [ECF No. 30].

**Discussion**

In his motion to quash, Plaintiff states Defendant's counsel "lured" him into his office and "emotional[ly] manipulat[ed]" him into settling his case. (Motion to Quash, Doc. No. 23, ¶¶ 2, 4).

In response, Defendant states that settlement discussions between the parties began in late March 2012. By early April, discussions had progressed to the drafting of settlement documents and request for a settlement check, issued on April 4, 2012. (Doc. No. 27-2, Exhibit B). On April 5, 2012, the four separate settlement documents were mailed to Plaintiff. (Doc. No. 27-4, Exhibit D). Following additional telephone conversations between Plaintiff and the City Counselor, Plaintiff agreed to a meeting at the City Counselor's office on April 20, 2012 to discuss the settlement documents and the conclusion of this matter, if an agreement could be

reached. (Doc. No. 27-5, Exhibit E).

On April 20, 2012, Plaintiff met with two attorneys from the City Counselor's Office. Also in attendance was a female notary public. Plaintiff reviewed the four separate settlement documents, held discussions with Defendants' counsel, signed several copies of each settlement document and had his signature notarized on the settlement documents several times. (Doc. Nos. 27-6, 27-8, 27-10, Exhibits F, F-2, G). Defendants emphasize that the notary statement states Plaintiff "voluntarily executed same." Plaintiff received a settlement check (Doc. No. 27-2, Exhibit B) along with original copies of the executed settlement documents. On April 23, 2012, a final letter (Doc. 27-11, Exhibit H) was sent to Plaintiff, stating "this resolves all outstanding issues in this matter." The letter included a copy of the recorded Quit Claim Deed (Doc. 27-8, Exhibit F-2) transferring the fire damaged property at issue back to the Land Reutilization Authority, and the electronically filed Joint Stipulation of Dismissal with Prejudice (Doc. No. 22, Exhibit I). Plaintiff cashed the settlement check on April 24, 2012 (Doc. No. 27-3, Exhibit C).

The record before the Court demonstrates that efforts to settle this matter occurred over several weeks. The parties engaged in several telephone conversations and settlement documents were mailed to Plaintiff over two weeks prior to their April 20, 2012 meeting at the City Counselor's Office. Plaintiff voluntarily attended that meeting, read the documents, asked questions and signed the documents, which then were notarized. Moreover, by accepting and cashing the settlement check, an accord and satisfaction was reached. McKee Const. Co. v. Stanley Plumbing & Heating Co., 828 S.W.2d 700, 701 (Mo.App. S.D. 1992) (citing Henderson v. Eagle Express Company, 483 S.W.2d 767, 768 (Mo.App.1972)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Joint Stipulation of Dismissal with Prejudice [23] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Joint Motion for Leave to Amend Plaintiff's Complaint [28] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Scott's Motion for Reconsideration [29] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Plaintiff Walter F. Scott. [30] is **DENIED** as moot.

Dated this 12th day of July, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE